Scott Maurer, C.S.B. #180830
KATHARINE & GEORGE ALEXANDER
COMMUNITY LAW CENTER
1030 The Alameda
San Jose CA 95126
(408) 288-7030 – Tel.
(408) 288-3581 – Fax

William E. Kennedy, C.S.B. #158214
LAW OFFICE OF WILLIAM E. KENNEDY
2797 Park Ave #201
Santa Clara, CA 95050
(408) 241-1000 – Tel.
(408) 241-1500 – Fax

Eric W. Wright, C.S.B. #41197
LAW OFFICE OF ERIC W. WRIGHT
19910 Wright Drive
Los Gatos, CA 95033
Phone: (408) 554-4353
Fax:    (408) 554-4426

Attorneys for Plaintiff Juanita Swain
and others similarly situated

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JUANITA SWAIN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CACH, LLC, HOLLINS SCHECHTER, LLP, RUDY GABA, JR. and VANESSA MARTINEZ,<br><br>Defendant. | Case No.: C-08-05562 JW<br><br>AMENDED [~~PROPOSED~~] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS; (2) GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT; (3) PROVIDING FOR THE DISTRIBUTION OF CLASS NOTICE; AND, (4) SETTING A HEARING FOR FINAL APPROVAL<br><br>Date:    April 12, 2010<br>Time:    9:00 a.m.<br>Dept.:   Hon. James Ware |

On April 12, 2010, Plaintiff and Defendant CACH, LLC submitted an application for an Order (1) Conditionally Certifying a Settlement Class; (2) Granting Preliminary Approval of Settlement Agreement; (3) Providing for Distribution of Class Notice; (4) approving the form of such Notice in both English and Spanish; and (5) Setting a Hearing for Final Approval.  In support of the Application, Plaintiff filed the Proposed Settlement Agreement and the Declaration of Scott Maurer.  There was no opposition to the application.

At the hearing the court expressed reservations regarding the provision in the original settlement agreement stating that CACH would serve as class administrator.  However, the parties have since submitted a stipulation to the court whereby the settlement agreement is deemed amended to provide that First Class, Inc. shall serve as class administrator.

Having read and considered all papers provided, and having reviewed the Proposed Settlement Agreement,

THE COURT HEREBY GRANTS THE JOINT MOTION OF PLAINTIFF AND CACH, LLC AND ORDERS AS FOLLOWS:

(1) The Court certifies a Settlement Class, conditioned on final approval of the settlement. The Court further finds (a) that this action may be maintained as a class action pursuant to Federal Rules of Civil Procedure Rule 23(b)(3), (b) that the named plaintiff is an adequate representative of the settlement class, and (c) that class counsel is competent;

(2) The court preliminarily approves the Settlement Agreement entered into by all parties to this action as amended to provide that First Class Inc. shall serve as administrator, with the first $10,000 in costs to be paid out of the settlement funds, and any additional costs to effectuate the settlement agreement to be paid by CACH;

(3) The Court orders Class Notice be provided as set forth in ¶4.03 of the Settlement Agreement.  Notice will be in the form attached to this order as Exhibit A, and the Spanish translation thereof (Exhibit B), and be mailed by the settlement administrator to affected persons within 35 days of the date of Preliminary Approval. The settlement administrator will take actions required pursuant to ¶4.06 of the Settlement Agreement if the Notice is returned, in order to provide adequate notice to the Class;

(4) The Court orders a Final Fairness Hearing before this Court to take place on September 27,  2010 at 9:00 a.m.;

(5)  The Court orders that any request by a Class Member to opt out of the settlement must be served on Class Counsel and counsel for Defendants by no later than September 13, 2010.

(6) The Court further orders that no person shall be heard at the final Fairness Hearing in opposition to class certification, class settlement, Class Counsel's proposed attorneys' fees and expenses or the proposed Class Representatives' award unless not later than 5:00 p.m. on September 13, 2010, which is two weeks prior to the date of the final Fairness Hearing, such person files with the Clerk of the Court and serves upon all attorneys of record a written objection containing, at a minimum, the following information: a statement of each objection being made, which shall contain a detailed description of the facts underlying each objection and a detailed description of the legal authorities underlying such objection; (ii) a statement of whether the objector intends to appear at the Fairness Hearing; (iii) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and (iv) a list of the exhibits which the objector may offer during the Fairness Hearing, along with copies of

all of the exhibits. These requirements are necessary to preserve the orderly functions of the Court and to ensure that any objections are not conducted as a trial by ambush.

(7) The Court further orders that any person objecting to the proposed settlement must file any such notices and objections with the Court and serve their notice of objections upon Class Counsel and counsel for Defendant no later than September 13, 2010. Any persons who fail to properly or timely file their notices and objections with the Court or fail to timely serve such notices and objections on Class Counsel and Counsel for Defendants shall not be heard during the Fairness Hearing and the Court will not consider their objections. Any notice required by this paragraph shall be served on all attorneys of record by email, certified mail, hand-delivery, or facsimile transmission at the addresses reflected in the PACER docket. No objection shall be heard by the Court which does not comply with these requirements, which is not timely filed with the Court, or which is not timely served on listed counsel.

(8) The Court further orders that until the Fairness Hearing described above, or further order of this Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against Defendants, Bank of America, N.A., or any of their respective officers, directors, shareholders, members, employees, agents, attorneys, and insurers arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case, such as Defendants' pursuit of deficiency balances on automobile loans previously owned by Bank of America, N.A.

(9) The Court orders First Class, Inc, be appointed as the Class Administrator, which shall mail Class Notice and perform all other acts required of it under the terms of the Settlement Agreement.

(10)  This Order shall not be construed or deemed to be a finding of this Court or evidence of a presumption, implication, concession, or admission by Defendants concerning (1) any alleged liability, fault, or wrongdoing by any Defendant; (2) the appropriateness of any measure of alleged loss or damages; or (3) the appropriateness of class certification for any purposes other than Settlement. If the Settlement Agreement is terminated pursuant to its terms, or if the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.

(11)  The settlement agreement is deemed amended so that the release will accurately name the following defendants:  Hollins • Schecther, a Professional Corporation; and Rodolfo Gaba, Jr., aka Rudy Gaba, Jr.

(12)  The settlement agreement is deemed amended so that in the event that there are no objections to the settlement and  final approval is granted, payment shall be made to the class representative and class counsel within ten days of final approval.

DATED: April 23, 2010  _____
Hon. James Ware
U.S. District Court Judge