1  STEPHEN A. SCOTT (SBN 67467)
   DARA M. TANG (SBN 231413)
2  HAYES SCOTT BONINO ELLINGSON & McLAY, LLP
   203 Redwood Shores Parkway, Suite 480
3  Redwood City, CA  94065
   Telephone:    650.637.9100
4  Facsimile:    650.637.8071

5  Attorneys for Defendants
   CACH, LLC and VANESSA MARTINEZ
6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10  JUANITA SWAIN, on behalf of herself )  Case No.:  C-08-05562 JW
11  and all others similarly situated,       )
                                              )  SECOND AMENDED [PROPOSED] ORDER
12              Plaintiff,                     )  (1) CONDITIONALLY CERTIFYING A
                                              )  SETTLEMENT CLASS; (2) GRANTING
13       vs.                                   )  PRELIMINARY APPROVAL OF
                                              )  SETTLEMENT AGREEMENT; (3)
14  CACH, LLC, HOLLINS SCHECHTER, )  PROVIDING FOR THE DISTRIBUTION OF
    LLP, RUDY GABA, JR. and             )  CLASS NOTICE; AND, (4) SETTING A
15  VANESSA MARTINEZ,              )  HEARING FOR FINAL APPROVAL
                                              )
16              Defendant.                    )
                                              )
17                                             )
                                              )
18  _____)

19

20        On April 12, 2010, Plaintiff and Defendant CACH, LLC submitted an application for

21  an Order (1) Conditionally Certifying a Settlement Class; (2) Granting Preliminary Approval

22  of Settlement Agreement; (3) Providing for Distribution of Class Notice; (4) approving the

23  form of such Notice in both English and Spanish; and (5) Setting a Hearing for Final

24  Approval.  In support of the Application, Plaintiff filed the Proposed Settlement Agreement

25  and the Declaration of Scott Maurer.  There was no opposition to the application.

26        At the hearing the court expressed reservations regarding the provision in the original

27  settlement agreement stating that CACH would serve as class administrator.  However, the

28  parties have since submitted a stipulation to the court whereby the settlement agreement is

1  deemed amended to provide that First Class, Inc. shall serve as class administrator.

2  The parties have also submitted a Stipulation for a Second Amended Preliminary

3  Approval Order wherein CACH indicates that in the process of preparing the mailing lists for

4  the class notices, CACH has determined that the number of Subclass B members is 279

5  instead of 145, for a total number of 436 class members. The number of Subclass A members

6  receiving settlement funds remains the same. The parties stipulate to amend the last two

7  sentences of section 1.16 of the Settlement Agreement as follows: "CACH represents that

8  there are approximately 436 Settlement Class Members, 159 of whom have paid some or all

9  of the deficiency claim to CACH. The total amount paid by Settlement Class Members is

10  $491,354.10."

11  Having read and considered all papers provided, and having reviewed the Proposed

12  Settlement Agreement, the Stipulation for an Amended Preliminary Approval Order, and the

13  Stipulation for a Second Amended Preliminary Approval Order,

14  THE COURT HEREBY GRANTS THE JOINT MOTION OF PLAINTIFF AND

15  CACH, LLC AND ORDERS AS FOLLOWS:

16  (1)  The Court certifies a Settlement Class, conditioned on final approval of the settlement.

17  The Court further finds (a) that this action may be maintained as a class action

18  pursuant to Federal Rules of Civil Procedure Rule 23(b)(3), (b) that the named

19  plaintiff is an adequate representative of the settlement class, and (c) that class counsel

20  is competent;

21  (2)  The court preliminarily approves the Settlement Agreement entered into by all parties

22  to this action as amended to provide that First Class Inc. shall serve as administrator,

23  with the first $10,000 in costs to be paid out of the settlement funds, and any

24  additional costs to effectuate the settlement agreement to be paid by CACH;

25  (3)  The Court orders Class Notice be provided as set forth in ¶4.03 of the Settlement

26  Agreement. Notice will be in the form attached to this order as Exhibit A, and the

27  Spanish translation thereof (Exhibit B), and be mailed by the settlement administrator

28  to affected persons no later than May 28, 2010. The settlement administrator will take

263011

1    actions required pursuant to ¶4.06 of the Settlement Agreement if the Notice is

2    returned, in order to provide adequate notice to the Class;

3    (4)   The Court orders a Final Fairness Hearing before this Court to take place on

4    September 27, 2010 at 9:00 a.m.;

5    (5)   The Court orders that any request by a Class Member to opt out of the settlement

6    must be served on Class Counsel and counsel for Defendants by no later than

7    September 13, 2010.

8    (6)   The Court further orders that no person shall be heard at the final Fairness Hearing in

9    opposition to class certification, class settlement, Class Counsel's proposed attorneys'

10   fees and expenses or the proposed Class Representatives' award unless not later than

11   5:00 p.m. on September 13, 2010, which is two weeks prior to the date of the final

12   Fairness Hearing, such person files with the Clerk of the Court and serves upon all

13   attorneys of record a written objection containing, at a minimum, the following

14   information: a statement of each objection being made, which shall contain a detailed

15   description of the facts underlying each objection and a detailed description of the

16   legal authorities underlying such objection; (ii) a statement of whether the objector

17   intends to appear at the Fairness Hearing; (iii) a list of witnesses whom the objector

18   may call by live testimony, oral deposition testimony or affidavit during the Fairness

19   Hearing; and (iv) a list of the exhibits which the objector may offer during the Fairness

20   Hearing, along with copies of all of the exhibits.  These requirements are necessary to

21   preserve the orderly functions of the Court and to ensure that any objections are not

22   conducted as a trial by ambush.

23   (7)   The Court further orders that any person objecting to the proposed settlement must file

24   any such notices and objections with the Court and serve their notice of objections

25   upon Class Counsel and counsel for Defendant no later than September 13, 2010. Any

26   persons who fail to properly or timely file their notices and objections with the Court

27   or fail to timely serve such notices and objections on Class Counsel and Counsel for

28   Defendants shall not be heard during the Fairness Hearing and the Court will not

263011

1     consider their objections. Any notice required by this paragraph shall be served on all

2     attorneys of record by email, certified mail, hand-delivery, or facsimile transmission at

3     the addresses reflected in the PACER docket.  No objection shall be heard by the

4     Court which does not comply with these requirements, which is not timely filed with

5     the Court, or which is not timely served on listed counsel.

6  (8)    The Court further orders that until the Fairness Hearing described above, or further

7     order of this Court, all Class Members are hereby preliminarily enjoined and ordered

8     not to file, institute or prosecute any lawsuit or claim against Defendants, Bank of

9     America, N.A.,  or any of their respective officers, directors, shareholders, members,

10    employees, agents, attorneys, and insurers arising out of or related to the same or

11    similar circumstances, transactions or occurrences as are alleged in this case, such as

12    Defendants' pursuit of deficiency balances on automobile loans previously owned by

13    Bank of America, N.A.

14  (9)    The Court orders First Class, Inc, be appointed as the Class Administrator, which shall

15    mail Class Notice and perform all other acts required of it under the terms of the

16    Settlement Agreement.

17  (10)   This Order shall not be construed or deemed to be a finding of this Court or evidence

18    of a presumption, implication, concession, or admission by Defendants concerning (1)

19    any alleged liability, fault, or wrongdoing by any Defendant; (2) the appropriateness

20    of any measure of alleged loss or damages; or (3) the appropriateness of class

21    certification for any purposes other than Settlement. If the Settlement Agreement is

22    terminated pursuant to its terms, or if the Settlement is not approved or consummated

23    for any reason whatsoever, the Settlement and all proceedings had in connection

24    therewith shall be without prejudice to the *status quo ante* rights of the parties to this

25    action.

26  (11)   The settlement agreement is deemed amended so that the release will accurately name

27    the following defendants:  Hollins • Schechter, a Professional Corporation; and

28    Rodolfo Gaba, Jr., aka Rudy Gaba, Jr.

263011

(12)  The Stipulation for a Second Amended Preliminary Approval Order together with the copy of the original settlement agreement between the parties attached thereto shall be deemed for all purposes to be the settlement that has been filed and presented for approval in this case.

(13)   The original settlement agreement is therefore deemed amended so that in the event that there are no objections to the settlement and final approval is granted, payment shall be made to the class representative and class counsel within ten days of final approval.

(14)  The original settlement agreement is also deemed amended so that the last two sentences of section 1.16 of the settlement agreement states as follows:  "CACH represents that there are approximately 436 Settlement Class Members, 159 of whom have paid some or all of the deficiency claim to CACH.  The total amount paid by Settlement Class Members is $491,354.10."

DATED: May __18 2010

_____
Hon. James Ware
U.S. District Court Judge

# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| JUANITA SWAIN, on behalf of herself and others similarly situated,　　　　　　　　　) <br><br> ) <br> ) <br> Plaintiffs,　　　　　　　　　　　) <br> ) <br> vs.　　　　　　　　　　　　　　) <br> ) <br> ) <br> CACH, LLC, et al.　　　　　　　　) <br> ) <br> Defendants.　　　　　　) <br> ) | Case No.:  C08-05562 JW |

---

### NOTICE  OF  PROPOSED  CLASS  ACTION  SETTLEMENT

### PLEASE READ THIS NOTICE CAREFULLY - THIS IS *NOT* A LAWSUIT AGAINST YOU

**To:**  All California residents whose Bank of America, N.A. auto deficiency accounts were assigned to CACH on or after November 1, 2007, and who received or were served with a dunning letter, complaint, declaration or other document sent by or on behalf of CACH, LLC ("CACH") demanding payment or claiming liability where both of the following conditions apply: 1) the claim asserted against the proposed class member was based on a Bank of America, N.A. motor vehicle post-repossession deficiency claim subject to California's Automobile Sales Finance Act, Cal. Civil Code §2981 *et seq*; and 2) Bank of America's post-repossession notice failed to notify the consumer if, when, and by how much the reinstatement amounts might increase as a result of additional payments coming due, or as a result of late fees or other fees and charges, Notwithstanding this class definition the following persons are excluded from the Class: a) persons against whom CACH obtained judgments; b) persons who obtained relief under the United States Bankruptcy Code with respect to the deficiency claim; and, c) individuals known by CACH to be deceased as of the date the Settlement Agreement. The Settlement Class is divided into two subclasses. Subclass A consists of Settlement Class members who paid mony to CACH. Subclass B consists of Settlement Class Members who did not pay any money to CACH.

It appears from the Defendant's records that you are a member of the class affected by the proposed settlement and that, as a result, you may be entitled to certain benefits which are described below. You are being sent this notice to explain the nature of the lawsuit and the terms of settlement, and inform you of your legal rights and obligations. In order to obtain the benefits of this settlement (including your share of the settlement fund), you do not have to do anything.

### WHAT THIS LAWSUIT IS ABOUT

On or about December 12, 2008, Plaintiff Juanita Swain (the "Class Representative") initiated the "Action" against the Defendants to protect her rights and the rights of California consumers who have had their motor vehicles repossessed. The Action asserted class-wide violations of the Federal Fair

Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq.* California law requires secured creditors to prove that they disposed of consumers' repossessed vehicles in conformity with California's Automobile Sales Finance Act and the relevant provisions of the Commercial Code in order to obtain deficiency judgments. A central issue in this case is whether the Class Members owe deficiencies at all because the plaintiff alleges that Bank of America, N.A. failed to send the class members a Notice of the Intent to Dispose of the collateral that complied with California's Automobile Sales Finance Act.

Defendants and Bank of America deny the Class Representative's claims and have raised a number of defenses. Defendants do not believe that they – or Bank of America - did anything wrong. Defendants claim that they and Bank of America have obeyed the law, and do not agree or admit that they are liable for any claims in this lawsuit or caused any damages. The Court has not made a determination as to who is right about the claims in the lawsuit.

## THE PROPOSED SETTLEMENT

The Class Representative, Defendants, and Bank of America, N.A. have agreed to the settlement described below in order to avoid the risks to both sides of going to trial, and to avoid the delay in benefits class members would receive after lengthy litigation. **You do not need to do anything in order to receive the benefits of this settlement,** except give notice of change of address if you move in the next nine months. If the settlement is finally approved by the Court, you will be entitled to receive the benefits described below.

### Benefits to Class Members

### A. Partial Restitution if you made a payment to CACH

CACH and Bank of America, N.A. have agreed to create a $383,768.70 settlement fund. After the payment of up to, but not more than the first $10,000.00 in costs of administration of the settlement the remainder of the settlement, fund will be distributed to the members of Subclass A who participate in this class action settlement on a *pro rata* basis. (Subclass A consists of consumers who paid money to CACH.) This payment represents a restitution of approximately 76% of monies paid by the Subclass A Members. For example, a Subclass A Member who paid $1,000.00 to CACH shall receive approximately $760.00. If the settlement receives final approval by the court, the Class Administrator will issue checks for the share amounts to Subclass A Members. The checks referred to herein ("Settlement Checks") will only be negotiable for 90 days and will bear a legend indicating so. If any portion of the Class Settlement Funds cannot be distributed to Subclass A Members and/or checks are not cashed within 90 days of issuance, a second distribution will be made to the remaining Subclass A Members with those funds on a *pro rata* basis. If the second distribution a Class Member would receive is less than $5.00, it will not be provided. Class members will not be eligible to receive more than 100% of the funds that they paid to CACH.

### B. Relief for All Class Members

CACH shall cease collection of any debts that it previously claimed from Settlement Class Members and within 20 days of the Distribution Date, request deletion of its trade lines on the debts at issue by Experian, Equifax, Trans Union, and any other consumer reporting agency to which it has provided information concerning Settlement Class Members. CACH also agrees to refrain from reporting any information concerning Settlement Class Members to any credit reporting agency in the

future concerning this Action. Bank of America, N.A. has also agreed to request deletion of its trade lines on the same accounts. Should the deletion requests not be honored CACH and Bank of America have agreed to confirm that the requests were made should they receive notice in the future that the trade lines have not been deleted.

## Benefits to the Class Representative

In addition to receiving the benefits to the Settlement Class, the settlement agreement provides that CACH will pay Ms. Swain a total of $3,000 in consideration of her individual claims and in consideration of her service as a class representative.

## Attorney's Fees

In addition to the $383,768.70 settlement fund, which will be distributed among the class members, Defendant has agreed to pay the attorney's fees and cost for the Class in the amount of up to $79,990.00, subject to Court approval. The attorney's fees and costs are entirely separate from the settlement fund, and will not reduce the amount of money paid to the class members.

## Release

In exchange for the benefits to the class described herein, CACH, LLC, Bank of America, N.A., and the remaining defendants will be released from liability for the acts and omissions alleged in this lawsuit. If the proposed settlement is granted final approval by the Court all class members will be bound by this release unless they exclude themselves (and thereby forfeit their settlement benefits).

### OPINION OF CLASS COUNSEL CONCERNING THE SETTLEMENT

The attorneys for the Class believe, given the uncertainties of litigation, the remaining legal and factual issues, as well as the delay inherent in the trial and appellate process, that this is a fair and reasonable settlement.

### YOUR RIGHTS AND HOW TO CLAIM YOUR SHARE

**In order to receive the benefits to which you are entitled under this agreement, you do not need to do anything.** After the Court issues Final Approval, a check will be mailed to you if you paid money to CACH.

**If you do not want to participate in the class settlement, you must notify counsel for all parties, in writing, by sending copies to <u>both</u> at the following address:**

> Stephen A. Scott
> Hayes Scott Bonino Ellingson McLay, LLP
> 203 Redwood Shores Parkway, Suite 480
> Redwood City, CA  94065
>
> Scott Maurer
> Alexander Community Law Center
> 1030 The Alameda
> San Jose, CA 95126

You must state in writing that you wish to be excluded from the Class, and mail your letter so that it will be **received** no later than September 13, 2010. If you exclude yourself and thus choose not to participate in the settlement class, you will have the right to bring an individual lawsuit on your own behalf against the Defendant if you bring it within the time allowed by law. There is no guarantee that if you bring such a lawsuit and win you will recover any larger amount of money than you will receive under this class settlement. If you lose your own lawsuit you will recover nothing.

You also have the right to object to the proposed class settlement, as long as you provide proper written notice by September 13, , 2010, by filing with the Clerk of the Court and serving upon all attorneys of record a written objection containing, at a minimum, the following information: (i) a statement of each objection being made, which shall contain a detailed description of the facts underlying each objection and a detailed description of the legal authorities underlying such objection; (ii) a statement of whether the objector intends to appear at the Fairness Hearing; (iii) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and (iv) a list of the exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits.

Any persons who fail to properly or timely file their notices and objections with the Court or fail to timely serve such notices and objections on Class Counsel and Counsel for Defendants shall not be heard during the Fairness Hearing and the Court will not consider their objections. Any notice of objections and the documents supporting same shall be served on all attorneys of record by email, certified mail, hand-delivery, or facsimile transmission at the addresses reflected in the PACER docket. No objection will be heard by the Court which does not comply with these requirements, which is not timely filed with the Court, or which is not timely served on listed counsel.

If you do not provide proper notice that you wish to exclude yourself, object, intervene or appear either on your own or through your own attorney, you will be represented at no cost by attorneys for the Class representative and the Class at the hearing and all further court proceedings.

### FURTHER COURT PROCEEDINGS

A Final Fairness Hearing will be held before the Honorable James Ware on or about September 27, 2010 at 9:00 a.m. in Courtroom 8, U.S. District Court for the Northern District of California, 280 South First Street, San Jose, CA. At the hearing, Judge Ware will decide whether the proposed settlement is reasonable, adequate, and fair. If Judge Ware approves it, the settlement will be completed and the distributions will be paid thereafter. Class members who have filed an objection or wish to intervene must appear at the hearing to explain their position. **You do not need to appear in order to receive your share of the class settlement.**

### ADDITIONAL INFORMATION

This is a mere summary of the settlement agreement. If you would like more information about this notice or this litigation, you may contact Plaintiff's counsel as follows: Scott Maurer; KGACLC; 1030 The Alameda, San Jose, CA 95126; (408) 288-7030. The court papers filed in this case are available for inspection in the Office of the Clerk, U.S. District Court for the Northern District of California, San Jose Division, 280 South First Street, San Jose, CA 95113-3002.

**Please do not call the Judge or Clerk of the Court. They will not be able to give you advice about this case.**

# Exhibit B

TRIBUNAL REGIONAL DE LOS ESTADOS UNIDOS
REGION DEL NORTE DE CALIFORNIA - DIVISIÓN DE SAN JOSÉ

JUANITA SWAIN,  de su propia parte y de )
parte de otros en una situación similar, )
  )
      Demandantes, )
  )
      vs. )
  )  Caso No.: CV 08-05562 JW
CACH, LLC, )
  )
      Demandado. )

---

### AVISO DE LA PROPUESTA DE UN ARREGLO A LA DEMANDA COLECTIVA

FAVOR DE LEER ESTE AVISO CUIDADOSAMENTE –
ESTA **NO ES** UNA DEMANDA CONTRA USTED.

**Para:** Todos los residentes de California a quienes las cuentas de deficiencia con Bank of America N.A. fueron asignadas a CACH en o después del 1º de Noviembre 2007, y quienes recibieron una carta de cobro, demanda, declaración u otro documento enviada por o presentada en nombre de CACH, LLC ("CACH") demandando pago o reclamando responsabilidad donde las siguientes condiciones pueden aplicar: 1) el reclamo hecho en contra del miembro de la demanda colectiva se basa en un reclamo de Bank of America N.A. de deficiencia posterior de embargo, apegándose a la sección 2981 et seq. del Código Civil, la cual forma parte del Acta de Financiamiento de Venta de Autos de California, y 2) el aviso de embargo posterior de Bank of America no le notificó al consumidor los detalles sobre cuándo, cómo y si los pagos subsecuentes de la cuenta podrían aumentar debido al vencimiento de otros pagos, o si podrían aumentar como resultado de multas por pagos tardíos y otras cuotas y cargos. No obstante la definición de esta demanda colectiva, las siguientes personas se excluyen de la demanda colectiva: a) las personas que ya hayan recibido un fallo en su contra y a favor de CACH; b) las personas que hayan recibido algún remedio financiero según el Código de Bancarrota del los Estados Unidos con respecto a un reclamo de deficiencia; y c) las personas que ya hayan fallecido antes de la fecha del Acuerdo de Arreglo y sobre las cuales CACH tiene conocimiento.  Los miembros de la demanda colectiva se dividen en dos subgrupos. El subgrupo A consiste de miembros de la Demanda Colectiva que hayan pagado dinero a CACH. El subgrupo B consiste de miembros de la Demanda Colectiva que no hayan pagado dinero a CACH.

Según la información en los archivos del Demandado, usted es un miembro de un grupo que podría ser afectado por este arreglo y, consecuentemente, usted podría tener derecho a ciertos beneficios que se describen a continuación. Se le manda este Aviso para explicarle de lo que se trata esta demanda, para delinear los términos del arreglo, y para informarle sobre sus derechos y obligaciones legales. Usted no tiene que hacer nada para obtener los beneficios de este Arreglo (incluyendo su parte del fondo monetario de arreglo).

### DE LO QUE SE TRATA ESTA DEMANDA

Alrededor del 12 de diciembre del 2008, la demandante Juanita Swain (representante de la demanda colectiva) levantó la demanda contra los Demandados para proteger sus derechos y los derechos de los consumidores de California cuyos vehículos han sido embargados. Esta demanda alega amplias violaciones de 15 U.S.C. §1692

et.seq del Acta Federal de las Prácticas de Cobro Justas (Federal Fair Debt Collection Practices Act). Las leyes de California requieren que los prestamistas garantizados demuestren que se deshicieron de los vehículos embargados conforme a las leyes de Ventas y Financiamiento de Vehículos motorizados de California y de las disposiciones pertinentes del Código de Comercio para poder obtener un fallo que les de derecho a cobrar cualquier deficiencia en los pagos de dichos vehículos. Una cuestión central en este caso es si los miembros de la demanda colectiva de hecho tienen pagos pendientes. El demandante alega que Bank of America, N.A. no le envió a los miembros de la demanda colectiva un Aviso de Intención para Deshacerse del Aval que cumpliese con las leyes de Financiamiento de Ventas de Vehículos de California.

Los Demandados y Bank of America niegan los cargos presentados por el representante de la Demanda Colectiva y han presentado varias defensas legales. Los Demandados no consideran que ni ellos ni Bank of America cometieron algún error. Los Demandados y Bank of America reclaman que cumplieron con las leyes y no están de acuerdo ni admiten que son responsables por ninguno de los reclamos en esta Demanda o que causaron ningún perjuicio. El Tribunal no ha determinado quien tiene la razón en cuanto a los reclamos en la Demanda.

## EL ARREGLO QUE SE PROPONE

El Representante de la Demanda Colectiva, los Demandados, y Bank of America, N.A. han llegado al acuerdo que se delinea a continuación como una manera de evitar los riesgos mutuos de tener que llevar el caso a juicio, y para evitar la tardanza de los beneficios que los miembros de esta Demanda Colectiva podrían recibir después de un largo litigio. **Usted no tiene que hacer nada para recibir los beneficios de este arreglo,** excepto dar notificación de su nueva dirección si es que se muda en los próximos nueve meses. Si el arreglo es finalmente aprobado por el Tribunal, usted tendría derecho de recibir los beneficios que se describen a continuación.

**Beneficios para los Miembros de la Demanda Colectiva:**

**A. Restitución parcial si usted ha hecho un pago a CACH**

CACH y Bank of America, N.A. están de acuerdo en crear un fondo para el arreglo que asciende a $383,768.70. Los fondos serían distribuidos a los miembros del subgrupo A quienes participen en este acuerdo colectivo. Después del pago para los fondos de administración de hasta $10,000, los fondos serán distribuidos a los miembros del Subgrupo A cuya participación en esta demanda colectiva con base *de una tarifa prorrateada*. (El subgrupo A consiste de consumidores que pagaron dinero a CACH.) Este pago representa una restitución de aproximadamente 76% del dinero pagado por los miembros del Subgrupo A. Por ejemplo, un miembro del Subgrupo A que pagó $1,000.00 a CACH recibirá aproximadamente $760.00 dólares. Si el Arreglo recibe la aprobación final del Tribunal, el Administrador de la Demanda Colectiva emitirá un cheque a cada miembro del Subgrupo A. Dichos cheques (denominados aquí como "Cheques de Arreglo") sólo podrán ser canjeables por 90 días y portarán un letrero que indiquen dicha fecha de caducidad. Si cualquier porción de los Fondos del Arreglo Colectivo no pueden ser distribuidos a los miembros del Subgrupo A y/o si los cheques no son cobrados dentro de sus 90 días de la expedición, entonces se llevará a cabo una segunda distribución proporcional para los miembros restantes del Subgrupo A con esos fondos con base *de una tarifa prorrateada*. Si en la segunda distribución se determina que a un Miembro de la Demanda Colectiva le corresponde menos de $5.00 dólares, no se le proporcionará pago. Los miembros de la Demanda Colectiva no serán elegibles para recibir más del 100% de los fondos que le pagaron a CACH.

**B. Alivio para todos los Miembros de la Demanda Colectiva**

CACH cesará de cobrar cualquier deuda a los Miembros de la Demanda Colectiva, y dentro de 20 días de haber emitido los cheques de pago pedirá que se elimine cualquier rastro de estas deudas de los reportes de crédito de Experian, Equifax, Trans Union, y cualquier otra agencia reportadora de crédito a las cuales les haya proporcionado información sobre los Miembros de la Demanda Colectiva. CACH también está de acuerdo en

abstenerse de proporcionar cualquier información sobre los Miembros de la Demanda Colectiva a cualquier agencia de crédito en el futuro con respecto a esta Demanda. Bank of America, N.A. también está de acuerdo en eliminar cualquier rastro de estas deudas de los reportes de crédito de los Miembros de la Demanda Colectiva. En dado caso que la información negativa de crédito no sea eliminada como se describe, CACH y Bank of America están de acuerdo en confirmar sus solicitudes de borrar dicha información en caso de que reciban una notificación en el futuro que las lineas de comercio no han sido eliminadas.

## Beneficios a la Representante de la Colectiva

Además de recibir los beneficios del Acuerdo Colectivo, el acuerdo establece que CACH le pagará a la Sra. Swain un total de $3,000 dólares en consideración de su reclamo individual y en consideración de su servicio como representante de la Demanda Colectiva.

## Honorarios de Abogados

Además de proporcionar el fondo para el arreglo que asciende a $383,768.70 y que será distribuido entre las personas que participen en esta demanda colectiva, los Demandados están de acuerdo en pagar los honorarios de los abogados y los gastos de la demanda colectiva, y hasta un máximo de $79,990.00, sujeto a la aprobación del Tribunal. Los honorarios de los abogados serán pagados independientemente del fondo para el arreglo y no reducirán la cantidad total que será pagada a los miembros de la demanda colectiva.

## Liberación de responsabilidad

A cambio de los beneficios ofrecidos a los miembros de la demanda colectiva, CACH, LLC, Bank of America, N.A., y los Demandados restantes serán liberados de cualquier responsabilidad por los actos y omisiones alegadas en esta Demanda. Si el Arreglo que se propone es finalmente aceptado por el Tribunal todos los miembros de la Demanda Colectiva obedecerán esta liberación a menos de que se excluyan ellos mismos (y renuncien sus beneficios de este Arreglo).

## OPINIÓN DE LOS ABOGADOS DE LA DEMANDA COLECTIVA CONCERNIENTE AL ARREGLO

Los Abogados para la Demanda Colectiva creen, que este es un arreglo justo y razonable, dada la incertidumbre del litigio, los asuntos legales pendientes y la tardanza acarreada por un posible juicio y su posible apelación.

## SUS DERECHOS Y COMO RECLAMAR SU PARTE

**Usted no tiene que hacer nada para recibir los beneficios a los cuales usted tiene derecho bajo este arreglo.** Se le enviará a usted un cheque después de que el Tribunal emita su Aprobación Final del Arreglo si usted le pagó dinero a CACH.

**Si usted no desea participar en este arreglo colectivo, debe notificar a los abogados de todos los partidos, por escrito, enviando copias a ambos domicilios que siguen:**

> Stephen A. Scott
> Hayes Scott Bonino Ellingson McLay LLP
> 203 Redwood Shores Parkway, Suite 480
> Redwood City, CA 94065

> Scott Maurer
> Alexander Community Law Center
> 1030 The Alameda

San José, CA 95126

Deberá especificar por escrito que desea ser excluido de la Demanda Colectiva, y tendrá que enviar por correo su carta a fin que sea recibida no más tarde del 13 de septiembre, 2010. Si usted decide excluirse y por lo tanto no participar en este arreglo colectivo, usted mismo tendrá el derecho de presentar su propia demanda individual contra el Demandado, pero solamente si la presenta durante el tiempo permitido por la ley. No se le garantiza que si decide presentar su propia demanda y si gana su demanda, que usted vaya a poder recuperar una cantidad más grande de dinero del que se le ofrece a través de este arreglo colectivo. Sin embargo, si pierde el caso, usted no podrá recuperar nada.

También tiene el derecho de oponerse a la propuesta colectiva y arreglo, siempre y cuando presente por escrito su propia notificación antes del 13 de septiembre, 2010, sometida al Secretario del Tribunal y que sea entregada a todos los abogados involucrados una objeción por escrito que contiene, por lo mínimo, la siguiente información: (i) una declaración de cada objeción que sea hecha, la cual deberá contener una descripción detallada de los hechos subrayando cada objeción y una descripción detallada de las autoridades legales en las cuales se basa cada objeción; (ii) una declaración de sus intenciones de comparecer a la Audiencia Imparcial; (iii) una lista de testigos a quienes usted pueda llamar para proporcionar testimonio en declaración oral o en declaración jurada o atestada durante la Audiencia Imparcial; y (iv) una lista de los anexos que usted podría ofrecer durante la Audiencia Imparcial, con todas las copias de los anexos.

Cualquier persona que no cumpla con las normas para presentar sus avisos y objeciones de una manera apropiada o que no cumpla con entregar tales avisos y objeciones a tiempo a los Abogados de la Demanda Colectiva y a los Abogados de los Acusados no serán escuchados durante la Audiencia Imparcial y el Tribunal no considerará sus objeciones. Cualquier aviso de objeciones y de documentos apoyando las mismas serán entregados a todos los abogados por correo electrónico, correo certificado, entregados a mano, o por transmisión de fax al domicilio mencionado en el registro de documentos PACER. Ninguna objeción que no cumpla con estos requisitos será escuchada por el Tribunal, ni la que no sea sometida al Tribunal a tiempo, ni la que no sea entregada a tiempo a los abogados en la lista.

Si usted no avisa apropiadamente que usted desea excluirse, oponerse, intervenir o representarse por su cuenta o por medio de su propio abogado, usted será representado sin ningún costo por los abogados del Representante de la Demanda durante la audiencia y cualquier otro procedimiento legal ligado a esta Demanda Colectiva.

## OTROS PROCEDIMIENTOS LEGALES ANTE EL TRIBUNAL

Habrá una Audiencia Imparcial Final ante el Honorable Juez James Ware en o alrededor del 27 de septiembre, 2010, a las 9 a.m. en la Sala 8 del Tribunal Superior de los Estados Unidos para la Región Norte de California, localizada en el 280 South First Street, San José, California. Durante dicha audiencia el Juez Ware decidirá si el arreglo que se propone es razonable, adecuado y justo. Si el Juez Ware lo aprueba, el arreglo será concluido y después se pagarán las distribuciones correspondientes. Los miembros de la demanda colectiva que hayan presentado una objeción o que deseen intervenir deberán presentarse a la audiencia para presentar sus argumentos. **Sin embargo, usted no tiene que comparecer a la audiencia para poder recibir su parte del arreglo.**

## INFORMACIÓN ADICIONAL

Esto es solamente un resumen del acuerdo de arreglo.  Si usted desea recibir más información sobre este Aviso o esta Demanda puede ponerse en contacto con el abogado del Demandante a esta dirección: Scott Maurer; KGACLC; 1030 The Alameda; San José, CA  95126, (408) 288-7030.  Los documentos legales archivados sobre este caso están disponibles para su inspección en la Oficina del Secretario (Office of the Clerk) del Tribunal Superior de los Estados Unidos para la Región Norte de California, División de San José, localizada en el 280 South First Street, San José, California 95113-3002.

**Le rogamos no llamar al Juez o al Secretario del Tribunal.  Ellos no podrán darle ningún tipo de consejo sobre este caso.**