

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JUANITA SWAIN, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br>　　vs.<br><br>CACH, LLC, HOLLINS SCHECHTER, LLP, RUDY GABA, JR. and VANESSA MARTINEZ,<br><br>　　　　Defendants. | Case No.: C-08-05562 JW<br><br>CLASS ACTION<br><br>**ORDER CERTIFYING CLASS; GRANTING SUBSTITUTION OF CLASS REPRESENTATIVE; GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; AWARDING ATTORNEY'S FEES AND COSTS TO PLAINTIFF; AND ENTERING JUDGMENT** |

Presently before the Court is the parties' Joint Motion for Final Approval of Class Settlement. (Docket Item No. 120.) The Court finds it appropriate to take the matter under

1

submission without oral argument.  See Civ. L.R. 7-1.  Based on the papers submitted to date, the Court GRANTS Final Approval of Class Settlement as follows:

Pursuant to the Second Amended Order issued by this Court on May 18, 2010 granting *inter alia*, Conditional Certification of a Settlement Class; Preliminary Approval of Settlement; Distribution of Class Notice; and Setting hearing for Final Approval (hereafter "Preliminary Approval Order"), Class Notice, including notice of this hearing was sent to the Class.  Based on the papers submitted to date and oral argument, Court finds:

A.   Plaintiff and Defendants entered into a Class Action Settlement Agreement (Settlement Agreement"), and the Court preliminarily approved the settlement on May 18, 2010.  Pursuant to the Second Amended Order, this Court conditionally certified, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class of all California residents whose Bank of American auto deficiency accounts were assigned to CACH on or after November 1, 2007, and who received or were served with a dunning letter, complaint, declaration or other documents sent by or on behalf of CACH demanding payment or claiming liability, where both of the following conditions apply: (1) the claim asserted against the proposed class member was based on a Bank of America motor vehicle post-repossession deficiency claim subject to California's Automobile Sales Finance Act, Cal. Civ. Code § 2981, et *seq;* and (2) Bank of America's post-repossession notice failed to notify the consumer if, when, and by how much the reinstatement amounts might increase as a result of additional payments coming due, or as a result of late fees or other fees and charges.  Notwithstanding this class definition the following persons are excluded from the Settlement Class: (a) persons against whom CACH obtained judgments; (b) persons who obtained relief

under the United States Bankruptcy Code with respect to the deficiency claim; (c) individuals known by CACH to be deceased as of the date of the Settlement Agreement except for Class Representative, Juanita Swain, who passed away shortly after signing the Settlement Agreement.[1]

Based on the parties' Stipulation, the Court substitutes Juanita Swain's Estate Administrator, her daughter Bernita Henderson, for Class Representative.  In class action settlements, where a representative plaintiff predeceases the court's final settlement approval, the deceased plaintiff's estate has been recognized as a proper substitute.  See, e.g., *Tenuto v. Transworld Systems*, Inc., 2001 WL 1347235 at * n.1 (E.D. Pa.).  The Court finds that under the circumstances Ms. Henderson can fairly and adequately represent the interests of the Class and that there are no conflicts that prevent her from doing so; accordingly, the Court GRANTS parties' request for substitution of Class Representative.

B.   The Settlement Agreement has been submitted to the Court for final approval pursuant to Rules 23(b)(3) and (e) of the Federal Rules of Civil Procedure and is attached to this Order as Exhibit A.

Notice to the Class in a form approved earlier by the Court was mailed by the Settlement Administrator, First Class, Inc., as shown by the Declaration of the Class Administrator, filed on September 21, 2010 with the initial Application for final Approval ('Hughes I Affidavit).  The Class Administrator mailed the Approved Class Notice in the form and manner approved by the Court on or about May 28, 2010 to all class members.  The Class

---

[1] (Declaration of William E. Kennedy; Stipulation and [Proposed] Order Substituting Class Representative, Docket Item No. 110.)

Administrator received 57 class notices returned form the United States Postal Service as undeliverable and, effected a single re-mailing for each such return if an alternative address could be identified. After the parties discovered that the Class Administrator had not used skip trace methods to find the 57 missing class members the court ordered that such methods be used. (Docket Number 119). The Class Administrator then employed a locator service and located new addresses for 39 of the 57 class members. Supplemental Affidavit of Bailey Hughes (Hughes II Affidavit). The Class Administrator mailed notices to those 39 class members on October 15, 2010. At this time all class members have been provided an opportunity to opt-out of the class and no class members requested such exclusion from the Class. In addition, no class members filed a written objection to this settlement. (Hughes I & II Affidavits) All class members, including any oral objectors, have been given due notice and opportunity to be heard.

C. The requisite notice pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, *et seq.,* was given to those designated federal and state officials on May 11, 2010.

D. The key terms of the Settlement Agreement include:

(1) Subclass A Members will share a total payment of $383,768.70 (the "Class Settlement Funds") on a *pro rata* basis. This payment represents a restitution of approximately 76% of monies paid by the Settlement Class Members. The Class Administrator will issue a check for the share amount to Subclass A members. The checks referred to herein ("Settlement Checks") will only be negotiable for 90 days and will bear a legend indicating so.

(2) If any portion of the settlement fund cannot be distributed to Subclass A members and/or checks are not cashed within 90 days of issuance, a second distribution will be made to the remaining Subclass A members with those funds on a *pro rata* basis. If in the second distribution a Subclass A member would receive less than $5.00, that amount will be distributed as *cy pres* distribution to the Watsonville law Center. Furthermore, no Class member will receive in excess of 100% of the funds paid to CACH. Rather, funds that would exceed 100% of recovery will be distributed *cy pres* to the Watsonville Law Center. Any uncashed check from the second distribution will be distributed as *cy pres* to the Watsonville Law Center. These *cy pres* funds will be sent by first class mail to class counsel at the Alexander Community Law Center within 150 days from the latest date that settlement checks are mailed to the class members.

(3) In addition, CACH shall cease collection of any deficiencies from Settlement Class Members and within 30 days of the Distribution Date, notify Experian, Equifax, Trans Union, and any other credit reporting agency to which it has provided information concerning Juanita Swain and Settlement Class members, that it requests deletion of its trade line. CACH does not warrant that such deletion requests will be honored, and it shall have no liability to Plaintiff or the members of the Settlement Class if the deletion requests are not honored. However, if, following the making of such request, CACH ever receives a dispute or inquiry concerning any of such trade lines it will confirm that the trade line should have been deleted. Furthermore, although it is not a party to the Action, Bank of America, N.A. is a participant in the Settlement and a beneficiary of the release from Plaintiff and the Settlement Class, and it has thereby submitted itself to the jurisdiction of the Court. Bank of America, N.A. shall, within 30 days of the Distribution Date, notify Experian, Equifax, Trans Union, and any other

credit reporting agency to which it has provided information concerning Juanita Swain and Settlement Class members, that it requests deletion of its trade line. If, following the making of such request, Bank of America, N.A. ever receives a dispute or inquiry concerning any of such trade lines it will confirm that the trade line should have been deleted. In consideration of the disputes that are the subject of this litigation CACH, LLC shall not issue an IRS 1099-C form for Plaintiff or the Settlement Class Members with regard to such debt forgiveness.

(4) CACH will pay Ms. Swain's Estate a total of $3,000 in consideration of her individual claims and in consideration of her service as a class representative.

(5) Plaintiff's counsel are hereby awarded their reasonable attorney's fees, costs and expenses in the amount of $79,990. Such fees are to be paid on the 'distribution date' as defined in the Settlement Agreement.

(6) In exchange for the foregoing acts and stipulated forbearance and inactions, the Plaintiff and all Settlement Class Members will release CACH, Vanessa Martinez, Hollis Schechter, a Professional Corporation, Rodolfo Gaba, Jr. aka Rudy Gaba, Jr., and Bank of America, N.A. from claims as specified in the Settlement Agreement

IT IS HEREBY ADJUDGED, ORDERED AND DECREED THAT:

1. This Court has jurisdiction over the claims of the class members asserted in this action, personal jurisdiction over the settling parties (including all class members), and subject matter jurisdiction to approve the settlement as set forth in the Settlement Agreement previously filed with the Court.

2. The Court grants the parties' joint request for final approval of the Settlement Agreement. The Court finds the settlement negotiations were conducted at arms-length and in good faith among counsel for Plaintiff and Defendants and that the terms of the Settlement

Agreement are fair, reasonable, and adequate to Plaintiff and all members of the Class in light of the risk of establishing liability and damages, and the expense of further litigation.

3. This Court finds that the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1715 have been satisfied with respect to this Class Settlement and makes final its previously conditional certification of the Class.

4. The notice given to the class members was reasonably calculated under the circumstances to apprise them of the pendency of this action, all material elements of the proposed settlement, and their opportunity to exclude themselves from, or object to, the settlement. The Court finds that the distribution of the Notice as provided for in the Preliminary Approval Order and the Settlement Agreement was reasonable, and constituted the best notice practicable under the circumstances to all persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

5. No members of the class requested to be excluded from this Class Settlement.

6. The class meets the predominance and superiority requirements. Common issues of fact and law predominate, and therefore the class action is superior to individual actions because of the relatively minor amount of statutory damages potentially recoverable in individual actions and the substantial costs associated with litigating individual actions.

7. On the Distribution Date as defined in the Settlement Agreement, relief to the Plaintiff and the Class, as defined herein and the Settlement Agreement (which is incorporated by reference herein), shall be distributed. The Class Administrator will issue the settlement funds directly to the class members. The Class Administrator will provide an

affidavit regarding the mailing of the class settlement funds, which Defendants will file with the Court no later than 150 days after the second Distribution Date.

8. If any portion of the Class Settlement Funds cannot be distributed to Settlement Class Members and/or checks are not cashed within 90 days of issuance, a second distribution will be made to the remaining Settlement Class Members with those funds on a *pro rata* basis. If the second distribution a Class Member would receive less than $5.00, that amount will be distributed *cy pres* to the Watsonville Law Center. Furthermore, no class member will receive in excess of 100% of the funds he or she paid to CACH. Rather, funds that would exceed 100% of recovery will be distributed as *cy pres* to the Watsonville Law Center. The second distribution checks shall also expire 90 days after issuance. Any uncashed checks from the second distribution will be distributed *cy pres* to the Watsonville Law Center. These *cy pres* funds will be sent by first class mail to class counsel at the Alexander Community Law Center within 150 days from the latest date that the second distribution settlement checks are mailing to the class members.

9. Pursuant to the terms of the Settlement Agreement, Defendants will pay $3,000 to Plaintiff Juanita Swain's Estate in consideration of her individual claim, and in consideration of her service as class representative.

10. The Court, having reviewed the application, finds adequate support to award the attorney fees, costs and expenses requested, and hereby approves payment of $79,990. The attorneys' fees, costs and expenses awarded by the Court shall be paid by CACH on the Distribution Date through a check made out to "KGACLC Trust" and delivered to the Alexander Community Law Center. Once such funds are paid, their distribution shall be the sole responsibility of the Alexander Community Law Center. The award for attorney fees,

costs and expenses shall be paid separate from and in addition to the payments to the Settlement Class Members and Representative Plaintiff and shall not reduce the amounts of those payments.

The Court finds that a separate hearing to review the Application for Attorney fees I light of Mercury is not necessary in this case.  See *In re Mercury Interactive Secs. Litig*. 2010 WL 3239460, at *1 (9th Cir. Aug. 18, 2010).  The Court finds the facts of Mercury distinguishable from the settlement terms in this case, where the attorneys' fees are paid separate from the Settlement Fund as opposed to common fund, and will not reduce the amount paid to the Class.  Unlike in Mercury, attorneys' fees that do not reduce the Settlement Fund avoid the adversarial turn in the fiduciary relationship between class members and class counsel during the fee-setting stage of a common fund class action.  *Id*. At *6.  Moreover, as Notice has already been provided to Class Members of the amount of fees and expenses sought by Class Counsel, a supplemental notice to inform the class of an extended objection deadline and additional hearing on the Application for Attorney Fees would only serve to reduce the Settlement Fund further, thus harming the Class.

11.  The Settlement Agreement attached as Exhibit A – as deemed amended by the Preliminary Approval Order dated April 19, 2010 (Docket Number 92) - is hereby adopted by the Court as the final Judgment in this case.  The release granted by Plaintiff for herself and the Class is hereby approved, adopted, and incorporated herein by reference.

12. Plaintiff and the Class are forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court or arbitration forum, against Defendants or Bank of America, N.A., any causes of action, suits, claims or demands, whatsoever, in law or in equity, known or unknown at this

9

time, which Plaintiffs and the Class now have, ever had, or hereafter may have arising out of or relating to the released claims.

      13. Except for the relief granted in this Judgment, all remaining claims of the parties are hereby dismissed with prejudice and with the parties each to bear their own costs. The Clerk of Court shall close this file.

Dated:  December 14, 2010

                                                                     _____
                                                                     JAMES WARE
                                                                     United States District Judge